RAMIS ET AL. *v.* REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property
of Caguas.

No. 110.—Decided February 24, 1912.

SUPPLEMENTARY DEED—CLASSIFICATION OF TITLES.—A marshal's deed of sale was presented to the registry of property for admission to record. Said deed recited that a suit had been prosecuted to execution against a succession and was accompanied by a supplementary deed executed by virtue of an

order of a district court and showing that said suit and execution were not prosecuted against a succession but against certain persons named therein. The registrar refused to admit the original deed to record on the ground that the suit was prosecuted against a succession and his decision is reversed because he should have taken into consideration the fact that the supplementary deed stated the contrary.

CAUTIONARY NOTICE OCCASIONED BY INCURABLE DEFECTS—THIRD PARTIES—CANCELLATION EX OFFICIO.—Cautionary notices occasioned by incurable defects in a title presented to the registry for admission to record are of a temporary character and expire at the end of the 120 days fixed by law for correcting the defects which prohibit the admission of the title to record. When they have expired without the correction of said defects they produce no effect whatever against third parties and have no force to destroy the civil rights of other persons, it being the duty of the registrar to cancel said cautionary notice *ex officio* in order to allow the admission to record of any other document.

SALE OF PROPERTY AFFECTED BY CAUTIONARY NOTICES—EFFECTS OF CAUTIONARY NOTICES.—According to the doctrine established by this court in the case of *Antonsanti v. The Registrar of Property*, 9 P. R. R., 171, the provisions of article 71 of the Mortgage Law are applicable to a cautionary notice entered because a document is not admissible to record in the registry, therefore real property or rights affected by a cautionary notice may be conveyed or encumbered without prejudice to the rights of the person in whose favor said cautionary notice has been entered and a title of sale to property affected by such cautionary notice is admissible to record.

The facts are stated in the opinion.

*Mr. Salvador Picornell* for appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

Francisco and María Antonia Ramis Borrás presented for registration in the Registry of Property of Caguas a deed of purchase and sale, accompanied by two other instruments, one supplementary to that the record of which was sought and another embodying a judicial order. An examination of these papers revealed the fact that as the result of an action brought in the District Court of Humacao by the appellant brothers against the firm of Borrás Hermanos, in liquidation, and against the Estate of Pascual Borrás Llácer, consisting of his widow, Gerónima Ginart Andreu, and his two daughters, Catalina and Juana, seeking to recover the amount of a mortgage loan, the marshal, in pursuance of the judgment rendered against the defendants, sold at auction a number of

properties awarded to the appellants in satisfaction of a part of their claim.

The application made for the admission of the above instrument to record was denied by the registrar on the ground set forth in his decision entered at the end of the instrument, to wit:

"The admission of the foregoing instrument to record is hereby denied because of an incurable defect appearing therein, consisting in that certain properties are awarded to the execution creditors, Francisco Ramis Borrás and María Antonia Ramis Borrás, which belong in part to the Estate of Gerónima Ginart Andreu and Catalina and Juana Borrás Ginart, heirs of the Estate of Bartolomé Borrás y Llácer, consisting of his widow, Gerónima Ginart Andreu and two daughters, Catalina and Juana Borrás y Ginart; and although the said properties appear recorded under the name of the Estate of Bartolomé Borrás y Llácer, consisting of his widow, Geronima Ginart Andreu, and two daughters, Catalina and Juana Borrás y Ginart, there is, however, a cautionary notice in the registry which became final that conclusively shows that Gerónima Ginart Andreu died testate prior to the commencement of the foreclosure proceedings under which the properties, the record of which is sought, were sold at auction; and as the heirs of said Gerónima Ginart Andreu own an undivided interest in said properties, it is necessary, before this instrument can be admitted to record, that a definite portion of the said properties should first be recorded in favor of said estate, and that the foreclosure proceedings should also have been directed against them. Article 20 of the Mortgage Law. It also contains another incurable defect affecting the property of 14 *cuerdas* described under No. 3, in that there is still in force a cautionary notice entered for a period of 120 days resulting from the refusal to admit the said property to record in favor of Juan and Antonia Salvá Ginart and of Catalina and Juana Borrás Ginart as the testamentary heirs of Gerónima Ginart Andreu, some of whom are not the same persons who were defendants in the foreclosure proceedings under which the property of 14 *cuerdas* was sold at auction. A cautionary notice affecting all the properties is therefore entered at folios 38, 224, over, 44, over, 17, 13, over, and 47 of volumes 30, 15, 30, 11, 11 and 30, of this *ayuntamiento,* properties numbered 539, 540, 541, duplicates 543, 542 and 544 duplicate, entry letters B, D, D, B, B and C, respectively."

After reading the foregoing, the conclusion is reached that the registrar based his refusal to admit to record the instrument presented to him by the Borrás brothers on the following three grounds, to wit: That according to the instrument the heirs of Gerónima Ginart y Andreu own a share in the properties awarded by the marshal, for which reason he is of opinion that those properties should first have been recorded in the name of the said heirs; that from a cautionary notice in the registry which became final it appears that Gerónima Ginart Andreu died testate before the commencement of the foreclosure proceedings under which these properties were sold at auction; and that in respect to the property described under No. 3 a cautionary notice for 120 days still exists in force, the entry of which was due to the applicants having been refused the admission thereof to record under their own names as the heirs of Gerónima Ginart Andreu, some of whom, he says, are not the same persons who were made defendants in the foreclosure proceedings instituted.

The first ground on which the registrar bases his refusal is really not well founded, because although the original deed of sale and award sets forth that both the suit and the foreclosure proceedings were directed against the Estate of Gerónima Ginart Andreu, nevertheless there was also presented to the registrar a supplementary instrument executed by order of the district court, which shows that the suit and the foreclosure proceedings were not instituted against the heirs of Gerónima Ginart y Andreu, but against Gerónima Ginart Andreu and her two daughters, Catalina and Juana, as the heirs of Pascual Borrás y Llácer. Inasmuch as this supplementary instrument should also have been taken into consideration by the registrar, he cannot properly maintain that from the instruments submitted to him for record the defects mentioned in his decision really appear.

In regard to the other ground, that a cautionary notice which, in his judgment, prevents him from making the record has become final, we are of the opinion that under the laws

governing appeals from the decisions of registrars the sole purpose of cautionary notices entered by registrars on account of incurable defects vitiating instruments submitted to them for record is to secure the rights of the parties seeking the admission of instruments to record, for a period of 120 days, during which they may assert them.

These notices are only of a temporary character, and the parties interested must see to it that the defects found to exist are duly corrected within the period allowed, and, when failing in this or when showing an utter disregard for this provision of the law, the expiration of the said period becomes their punishment. Therefore, if the notice became final because the period of 120 days allowed by law for the correction of errors was permitted to expire without the defects pointed out being corrected, such notice cannot operate against a third party, because when the period of such an entry has run it ceases to be effective and cannot impair the civil rights of other parties, it being the duty of registrars to cancel such entries of their own motion in order to enable them to admit any other instrument to record.

With reference to the third ground concerning the cautionary notice affecting one of the properties involved herein, on which notice the 120 days allowed have not yet expired, we will say that, pursuant to the doctrine announced in the case of *Antonsanti* v. *The Registrar of San Juan,* 9 P. R. R., 171, the provisions of article 71 of the Mortgage Law in force, under which the real property or property rights which are on record may be conveyed or encumbered, but without impairing the rights of the parties in whose favor such cautionary notices are entered, we fail to see any reason why the property described under No. 3 may not be admitted to record in favor of the petitioners without impairing the rights of the parties in whose favor the above cautionary notice was entered.

For the foregong reasons the decision of the registrar is

hereby reversed, and the registrar is directed to proceed to enter the record applied for by petitioners.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.